UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>
                                             X
UNITED STATES OF AMERICA

       - against-                                    12-cr-941 -03 (RPP)
                                             X
DEJIN HUANG,
       Defendant
                                             X
_____


## DEFENDANT'S SENTENCING MEMORANDUM

                                                                 Russell T. Neufeld
                                                                 Attorney for Dejin Huang
                                                                 99 Hudson Street - 8th Floor
                                                                 New York, NY 10013
                                                                 (646) 613-8359
                                                                 rneufeld@neufeldlawoffice.com

# Russell T. Neufeld
Attorney at Law

October 21, 2013

Honorable Robert P. Patterson, Jr.
United States Senior District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *United States v. Dejin Huang*
          12-cr-941 (RPP)

Dear Judge Patterson:

    Dejin Huang is scheduled to be sentenced by the Court on October 28, 2013, following his plea of guilty to conspiring to commit immigration fraud. 18 USC § 371. Because of several mitigating factors, including Mr. Huang's health and his motivation to help people from his community in China to not be returned to lives of oppression and poverty in a totalitarian country, a non-prison sentence is warranted.

## STATEMENT OF FACTS

**Background**

    Dejin Huang was born in 1952 in Fujian Lianjiang, China. His parents were poor farmers who had six children of which he is the eldest. His father died in 2002 and his mother suffered a stroke last year and is paralyzed. Dejin Huang attended school in China until the 7th grade. At that time China was engulfed in the terrible upheaval and repression of the cultural revolution. Millions of people were arrested and sent to prison labor camps, known as re-education camps. All the schools were shut down, including Dejin Huang's school. A few years later, he was conscripted into the military. Following his army service, he returned to the family farm. In 1976, Mr. Huang married his wife of 37 years, Xiu Qing Huang. While still in China, they lived with his parents. They had three children. By the time of the birth of their youngest child, China had instituted a limit of one child per family. When Xiu Qing Huang became pregnant with their fourth child, she was forced to have an abortion. Dejin Huang fled China in 1992. He was granted asylum and was able to bring his wife and children to the United States in 1997. Until his retirement in 2009, he worked continuously in garment factories and restaurants to support his family. Mrs Huang developed uterine cancer some years ago and had a hysterectomy. She is currently in remission, but makes regular doctor visits to monitor her condition. Mr. Huang takes his wife to these check ups. In 2007 Dejin Huang became a United States citizen. He lives in Brooklyn with his wife, his son, his daughter-in-law and his grand children, for whom he helps care. He is financially supported by his children. In December of 2012, his mother, still living in China, suffered a stroke which paralyzed her. Dejin Huang went back to China at that point, to care for her.

Dejin Huang's own health is quite poor. He has suffered from high blood pressure for the past ten years for which he is medicated. Over the past several months he has suffered from a recurring, serious prostate infection and a urinary tract infection, compounded by the growth of a benign tumor on the prostate. These resulted in high fevers and required several periods of hospitalization, followed by lengthy periods of daily administration of antibiotics through a shunt in his arm [Exhibit 1].

**Criminal Conduct and Plea**

From 2009 through 2012, Dejin Huang helped approximately 30 people, originally from his village and a neighboring village in China, apply for asylum in the United States. Most of these were people he knew or the family members of those he knew, in China. In many instances these asylum seekers had not suffered the persecution they alleged in their applications. Dejin Huang would help these people make up a false story of persecution. For instance, in the overt act charged in Count One of the indictment, the count to which he has pled guilty, the father of the person he helped was an old friend with whom he had gone to school in China and served with in the Chinese army. The father contacted Mr. Huang and asked him to help his daughter avoid being sent back to China. The daughter was, also' a childhood friend of Dejin Huang's son. They had attended school together. Dejin Huang referred her to two law firms to help her gain asylum. He prepared her to use a false story of having been pregnant and forced to have an abortion in China, in support of her asylum application. Ironically, it was Dejin Huang's actual experience with China's one child rule that allowed him to knowledgeably prepare others to falsify the experience. Dejin Huang was not paid by the law offices to perform para-legal duties. If the asylum applications of the people he helped were successful, the applicants would, customarily, take Dejin Huang out to dinner, to thank him, and give him a red envelope usually containing from $50 to $300.

In early December 2012 Dejin Huang's mother had a stroke and was paralyzed. He immediately returned to China to care for her. The instant indictment was made public shortly thereafter. When word reached him in China that he was being sought by law enforcement in the U.S., Mr. Huang made arrangements to return to the United States and surrender himself. On July19, 2013, Dejin Huang pled guilty before this Court, to count one of the indictment, charging conspiracy to commit immigration fraud. The plea agreement permits Dejin Huang to argue for a below guideline sentence.

**Presentence Report and Guideline Computation**

The Probation Office's draft Presentence report conforms with the above stated background of Dejin Huang. The Presentence Report's guideline computation is in accord with that contained in the plea agreement. The base offense level is 11. It is increased by six due to the number of documents filed by the conspirators. It is decreased by three due to Mr. Huang's timely acceptance of responsibility. This results in a total offense level of 14. Because Dejin Huang has never before been convicted of any crime, he has zero criminal history points and a criminal history category of I. There is no statutory minimum term of imprisonment. There is a five year maximum term of imprisonment. The guideline range is 15 to 21 months.

## ARGUMENT

There are a plethora of mitigating factors present in Dejin Huang's situation that should result in his receiving a non-prison sentence. The guideline range in this case, 15 to 21 months is inconsistent with the directive of 18 USC § 3553(a) to impose a sentence "sufficient, but not greater than necessary, to comply with the [statute's] purposes." Applying the relevant statutory factors to the facts of this case, supports a non-incarceration sentence. While every effort at immigration fraud is serious, in this case Mr. Huang's involvement was limited. He was paid small amounts by those who were granted asylum. His motivation was as much to help people avoid oppression as it was to make money. Since this is his first criminal conviction in his 62 years, a conviction which has left him feeling completely devastated, it is highly unlikely that he will ever re-offend.

Dejin Huang is a 62 year old Chinese immigrant and a United States citizen. He has never before been convicted of a crime. Mr. Huang is in very poor health. He has spent much of the last several months either in the hospital or receiving daily intravenous anti-biotic injections at home to treat serious, recurring prostatitis and urinary tract infections. When the present charges against him were made known, he was in China, helping to care for his elderly mother who is paralyzed from a stroke. When Mr. Huang learned of the charges against him, rather than avoid prosecution by remaining in China, he made arrangements to return to the United States and surrender himself. His wife, Xiu Qing Huang, is in remission from uterine cancer following a hysterectomy. Mr. Huang has led a long, productive, law abiding life, prior to the his current charges.

While Dejin Huang accepted payment from those he helped gain asylum, he was also motivated by the belief that he was helping his friends and neighbors avoid being returned to lives of oppression and poverty in a totalitarian country. This motivation was rooted in his own experience. He was forced to end his own schooling in China in the 7th grade because the government shut down all the schools as part of the cultural revolution. He was conscripted into the military. He and his wife were persecuted for violating the one child rule by the Chinese government. Their flight to freedom in the U.S. has permitted them to freely raise their three children and, now, six grandchildren.

For his entire life in the United States, until these recent, unfortunate activities, Dejin Huang has struggled to work hard in clothing factories and then in restaurants. He is a committed family man who loves his mother, his wife, his children and his grandchildren very much. He has committed his entire life to supporting and caring for them. He also loves his adopted homeland and worked hard to become a U.S. citizen. He is devastated at the thought of being separated from his family. As his mother's eldest child, he feels a special responsibility to help in her care. He is extremely worried that if he is sent to prison, his mother may die before he can see her again. For all these reasons, we respectfully implore this Court to impose a non-prison sentence. Because Dejin Huang who is supported by his children, has no income or assets, we ask that no fine be imposed.

## CONCLUSION

       For all the above reasons, it is respectfully requested that a sentence that does not include incarceration be imposed.

Respectfully submitted,

*[signature]*

Russell T. Neufeld
Assigned counsel for Dejin Huang

cc.: AUSA Rebecca Mermelstein
     AUSA Robert L. Boone
     U.S. Probation Officer Wanda D. Whitney
     All counsel by ECF